UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOE ANGEL ACOSTA III, | § |
| | § |
| Petitioner, | § |
| VS. | § CIVIL ACTION NO. 2:19-CV-00008 |
| | § |
| LORIE DAVIS, | § |
| | § |
| Respondent. | § |

## ORDER SEVERRING AND TRANSFERRING CERTAIN CLAIMS

Petitioner Joe Angel Acosta, III, a Texas state prisoner currently incarcerated at the Clements Unit in Amarillo, Texas, has filed a 28 U.S.C. § 2254 petition (D.E. 1) challenging both his underlying criminal conviction in the 28th District Court of Nueces County, Texas, and two disciplinary actions that occurred during his time at the Clements Unit in Potter County, Texas.

A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court. Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts. However, a claim regarding the conditions of confinement need not be raised in a separate petition from claims challenging the underlying conviction. *See Story v. Collins*, 920 F.2d 1247, 1250-51 (5th Cir. 1991).

The court may at any time, on just terms, sever any claim against a party. Fed. R. Civ. P. 21. The Federal Rules of Civil Procedure apply to § 2254 proceedings, to the extent that they are not inconsistent with statutory provisions or the Rules Governing

Section 2254 cases. Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts.

A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Acosta's place of incarceration is in Potter County, in the Amarillo Division of the Northern District of Texas, 28 U.S.C. § 124(a)(5), and he was convicted by a court located in Nueces County, in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 124(b)(6). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a) and 1406(a). Specifically regarding a § 2254 petition, the district court where a petition is filed, in the exercise of its discretion and in furtherance of justice, may transfer the petition to the other eligible district court for hearing and determination. 28 U.S.C. § 2241(d).

Here, Acosta was not required to submit his claims stemming from his conviction in the 28th District Court of Nueces County in a separate petition than his claims stemming from the disciplinary actions in the Clements Unit. *See Story*, 920 F.2d at 1251 (stating that a claim regarding the conditions of confinement is not a separate judgment and need not be brought in a separate petition). However, in the exercise of this Court's discretion, the Clerk is directed to sever Acosta's claims stemming from the disciplinary actions at the Clements Unit. *See* Fed. R. Civ. P. 21. Further, because the disciplinary actions against Acosta at the Clements Unit took place in Potter County, it is more

convenient and would further the interests of justice for those claims to be resolved in the Amarillo Division of the Northern District of Texas. 28 U.S.C. § 124(a)(5). Notably, the prison employees and all records regarding the disciplinary actions are located in the Amarillo Division of the Northern District of Texas. *See Story*, 920 F.2d at 1250 (noting that accessibility of evidence and witnesses are grounds for changing venue to a more convenient forum).

Accordingly, it is ordered that the Clerk of the Court SEVER Acosta's claims regarding the two disciplinary actions and TRANSFER those claims to the United States District Court for the Northern District of Texas, Amarillo Division. Acosta's claims stemming from his conviction in the 28th District Court of Nueces County will remain in the United States District Court for the Southern District of Texas, Corpus Christi Division, under the current case number.

ORDERED this 17th day of January, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE