IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOE ANGEL ACOSTA III, § | | |
| a/k/a/ Jose Angel Acosta, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 2:19-CV-14-D |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging two (2) prison disciplinary rulings wherein he lost a total of 60 days previously accrued good time credits as punishment.[1] At the time he filed his habeas application, petitioner was incarcerated at the Clements Unit in Potter County, Texas pursuant to a March 5, 2013 Nueces County conviction for the felony offense of aggravated assault with a deadly weapon and the resultant 60-year sentence assessed therein. *State v. Acosta*, No. 12-CR-0279-A(S1).

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued

---

[1] Other punishment petitioner was assessed in the disciplinary proceeding merely constituted changes in the conditions of his confinement and does not implicate the Due Process Clause of the United States Constitution as required for review in a federal habeas corpus proceeding. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, in response to Question 16 of the form, petitioner acknowledges he is <u>not</u> eligible for release on mandatory supervision. Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice confirms petitioner's ineligibility as it reflects he was convicted of the aggravated assault with a deadly weapon offense. The mandatory supervision statute in effect when petitioner committed his aggravated assault offense on January 18, 2012 stated "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of a first or second degree felony under [Texas Penal Code] § 22.02 (aggravated assault)." Texas Gov't Code § 508.149(a)(7) (2012). As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Petitioner's habeas application should be DENIED.[2]

---

[2] The undersigned acknowledges petitioner is simultaneously challenging, in a habeas corpus proceeding pending in the Southern District of Texas, the sufficiency of the evidence to support the deadly weapon finding, and presumably the aggravated component of his assault offense, made in and with regard to his underlying conviction. *See Acosta v. Davis*, 219-CV-8. However, as petitioner currently stands finally convicted of aggravated assault with a deadly weapon, he is ineligible for mandatory supervised release and cannot be afforded federal habeas corpus relief with regard to challenges to prison disciplinary rulings imposing the loss of previously accrued good time as a sanction.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner JOE ANGEL ACOSTA III a/k/a Jose Angel Acosta be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 30, 2019.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district

court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).